**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Johnson, et al., | No. CV15-00202-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Twin City Fire Insurance Company, et al., | |
| Defendants. | |

Plaintiffs have filed a motion to remand this case to state court. Doc. 14. The motion is fully briefed. For reasons that follow, the Court will grant the motion.[1]

**I.      Removal and Remand Standards.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action over which the federal district courts have original jurisdiction may be removed from state court to the federal court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. This strong presumption "means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before

---

[1] The request for oral argument is denied because the issues have been fully briefed, the law is clear, and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II.     Motion to Remand.

The Court has jurisdiction over cases in which the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiffs' motion to remand argues that the amount in controversy is not met in this case. Doc. 14 at 1.

Plaintiffs sue their automobile insurer, Twin City Fire Insurance Company ("Twin City"), for failing to pay the full amount of damage allegedly done to their 2004 GMC Yukon Denali XL in an auto accident. Doc. 1-1 at 6. Plaintiffs assert breach of contract and bad faith claims, and their prayer for relief seeks to recover compensatory damages, special damages, punitive damages, and attorneys' fees. *Id.* at 6-10. No dollar amount is specified. *Id.*

Under established Ninth Circuit law, Twin City "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet this burden, Twin City "must provide evidence establishing that it is 'more likely than not' that the amount in controversy" requirement is satisfied. *Id.*; *see Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original).

Twin City's notice of removal alleges, upon information and belief, that this Court has original jurisdiction because "the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs." Doc. 1 at 2. In response to Plaintiffs' motion to remand, however, Twin City presents no evidence to support this assertion. Twin City notes that Plaintiffs' state-court certificate regarding compulsory arbitration claimed that the amount of damages exceeds $50,000, but provides no other evidence to support its valuation of the case. Twin City instead argues that a recent Supreme Court decision, *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S.Ct. 547 (2014),

requires that the motion to remand be denied.  The Court does not agree, and will address *Dart* in the next section.

Although Plaintiffs' certificate regarding compulsory arbitration establishes that Plaintiffs seek an award in excess of $50,000, whether punitive damages and attorneys' fees would push the amount in controversy above $75,000 is speculative.  Removal is proper only if the Court finds, "*by the preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(c)(2)(B) (emphasis added).  No evidence in this case shows that Plaintiffs' auto-damage claim exceeds $75,000.  The Court accordingly will remand this case to state court.  *See* 28 U.S.C. § 1447(c); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

**III.    The *Dart* Decision.**

In *Dart*, the Supreme Court considered a single question:  "To assert the amount in controversy adequately *in the removal notice*, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate *into the notice of removal* evidence supporting the allegation?"  135 S.Ct. at 551 (emphasis added).  The Supreme Court held that the notice of removal "need not contain evidentiary submissions."  *Id*.  A "short and plain" statement is sufficient.  *Id*.; *see* 28 U.S.C. § 1446(a).

Twin City argues that *Dart* worked a significant change in removal jurisprudence. Twin City appears to suggest that a defendant may now remove a diversity case to federal court merely by plausibly alleging that the amount in controversy exceeds $75,000, and that no further proof is needed, even in response to a motion to remand.  This argument is clearly incorrect.  *Dart* addressed the required contents of the removal notice, not the procedure to be followed when removal is challenged in a motion to remand.  In fact,

*Dart* made clear that evidentiary proof is still required when the amount in controversy is contested.  "In such a case," *Dart* explained, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 554.  As the Supreme Court summarized:

> In sum, as specified in § 1446(a), a defendant's *notice of removal* need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Evidence establishing the amount is required* by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations allegation.

*Id.* (emphasis added).

Given this clear holding, the Court does not agree with Twin City's argument that the Ninth Circuit remand cases cited above – recognizing a presumption against removal and placing on defendants the burden of showing that the amount in controversy is satisfied – are "no longer good law."  Doc. 13 at 3.  *Dart* did not overturn these cases.[2]

Nor can the Court agree with Twin City's argument that Plaintiffs in this case challenged only the sufficiency of Twin City's notice of removal.  The motion to remand asserts that Twin City "cannot meet its burden of proof regarding the jurisdictional amount required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332."  Doc. 14 at 1.  Because the motion plainly contests Twin City's valuation of this case, and Twin City has provided no evidence from which the Court could conclude that the amount in controversy exceeds $75,000, the motion to remand will be granted.

**IT IS ORDERED:**

1.     Plaintiffs' motion to remand (Doc. 14) is **granted**.

2.     The Rule 16 Case Management Conference set for March 27, 2015 at 4:30 p.m. is **vacated.**

---

[2] In addition to observing that an evidentiary inquiry is still required when the amount in controversy is challenged, *Dart*, which addressed removal of class actions under the Class Action Fairness Act, specifically stated that it was not altering presumptions in ordinary removal cases:  "We need not here decide whether such a presumption is proper in mine-run diversity cases."  *Id.* at 554.

3.     The Clerk shall **remand** this case to Maricopa County  Superior Court.

Dated this 27th day of March, 2015.

David G. Campbell
United States District Judge